PER CURIAM.
 

 Mary Madariaga, n/k/a Mary Keyack [“Keyack”], appeals the trial court’s Order on Motion [for] Credit for Direct Payments as well as its amended order on her motion for rehearing and relief of judgment. The Order on Motion [for] Credit for Direct Payments required Keyack to repay Gonzalo Madariaga [“Madariaga”], her former husband, $10,777.78 in overpayment of child support and alimony at a rate of $300.00 per month and also directed the Clerk of Court [“Clerk”] to cease all of Madariaga’s child support and alimony obligations and to show a credit for Mada-riaga’s overpayment.
 

 The Order on Motion [for] Credit for Direct Payments resulted from Madariaga having filed several pro se motions requesting that the trial court terminate his child support and alimony obligations, clear arrears, and give credit for direct payments. The trial court entered an order of referral to the general magistrate on the issues raised in Madariaga’s motions. Keyack filed a notice of objection to the said referral, but a hearing before the magistrate was scheduled for September 17, 2008. On that date, prior to the hearing before the magistrate, the trial court conducted a hearing and ordered an audit by the Clerk.
 
 [1]
 
 Later the same day, the general magistrate also held a hearing, the result of which he reported and recommended that the hearing be continued to November 25, 2008, due to a lack of notice, and that Madariaga be ordered to provide Keyack with tangible proof of direct payments, such as cancelled checks, prior to the rescheduled hearing. The trial court entered an order approving the general magistrate’s report and recommendations.
 
 [2]
 
 Upon receipt of the audit, however, on October 15, 2008, the trial court entered the Order on Motion [for] Credit for Direct Payments. The trial court based its findings, in large part, upon the Clerk audit.
 
 [3]
 
 Keyack unsuccessfully sought rehearing or relief from judgment, arguing in part that the trial court denied her due process by not allowing her an opportunity
 
 *1292
 
 to be heard on the audit. Given the unusual procedural overlap and Keyack’s lack of opportunity to address and raise objections to the Clerk audit, a hearing should be held on the issue of child support and alimony arrearages.
 

 Madariaga’s supplemental motion for sanctions pursuant to section 57.105(1), Florida Statutes and his motion for award of attorney’s fees on appeal are denied.
 

 REVERSED and REMANDED.
 

 GRIFFIN, SAWAYA and EVANDER, JJ., concur.
 

 [1]
 

 . There is no transcript of this hearing in the record.
 

 [2]
 

 . This order was entered on November 7,
 
 2008
 
 — after entry of the Order on Motion [for] Credit for Direct Payments.
 

 [3]
 

 .We express no opinion on the correctness of the figures contained in the appealed order. They may be correct, but we have not been able to confirm them.